UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH V. ELAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-01557(JDB) |
| ) | |
| BOARD OF TRUSTEES OF ) | |
| THE UNIVERSITY OF THE ) | |
| DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**JOINT RULE 16.3 STATEMENT**

Plaintiff Joseph V. Elam and Defendant Board of Trustees of the University of the District of Columbia ("UDC"), by and through their respective undersigned counsel, hereby submit their Local Rule 16.3(d) Report as follows:

Mr. Elam filed this civil action against UDC pursuant to the District of Columbia Human Rights Act ("DCHRA"), D.C. Code §§ 2-1401 et seq. (2001) formerly D.C. Code § 1-2510 et seq. (1981), U.S. Const. Amend. XIV, and 42 U.S.C. § 1983, seeking relief for harms caused to him by UDC's creation of a hostile work environment and unlawful discrimination on the basis of race, color, national origin, and age.

Mr. Elam, a naturalized U.S. citizen born in India, is ethnically Asian Indian and is 65 years of age. Mr. Elam alleges that he was discriminated against when UDC failed to promote him

to Full Professor in 2003 despite his outstanding work and lengthy employment at UDC.  Further, UDC created a hostile work environment for Mr. Elam by continuously diminishing his professional responsibilities, disparaging his character, and consistently treating him as lesser among the faculty (through denial of a Departmental key and other similar matters).

Mr. Elam is seeking all relief available under the DCHRA and Section 1983, including but not limited to back pay and back benefits, compensatory and punitive damages, and the reasonable attorney's fees and expenses of bringing this action.

UDC responds to Mr. Elam's Complaint as follows: Defendant denies all claims of discrimination and hostile work environment. Defendant did not approve Mr. Elam's application for promotion to Full Professor in 2003 based on his qualifications, including lack of evidence of scholarship and research.

**Rule 16.3 Matters**

(1) **Dispositive Motions.**  Plaintiff believes that this case is unlikely to be resolved by a dispositive motion before trial.  UDC believes that a dispositive motion will be appropriate following discovery.

(2) **Deadline for Joining Additional Parties or Amending Pleadings.**  The parties agree that the deadline for joining

additional parties and amending the pleadings should be 35 days after the initial scheduling order.

**Agreement as to Factual and Legal Issues.** The parties cannot agree, at this time, to narrow the legal and factual issues in this case.

(3) **Assignment to Magistrate Judge.** The parties agree that this case should not be assigned to a Magistrate Judge for all purposes, including trial.

(4) **Prospects of Settlement.** The parties agree there is no realistic possibility of settling this case at the present time.

(5) **Alternate Dispute Resolution (ADR).** After considering the factors set forth in Local Rule 16.3(c)(5)(i)-(v), the parties agree that this case might benefit from assignment to a U.S. Magistrate Judge.

(6) **Resolution by Summary Judgment.** Plaintiff believes that this case is unlikely to be disposed of by summary judgment. UDC believes that a dispositive motion will be appropriate following discovery. The parties propose that any dispositive motions be filed no later than 45 days after the close of discovery; any opposition be filed within 30 days after the filing of the motion; and any reply be filed within 14 days after the filing of the opposition.

(7) **Initial Disclosures.**  The parties have agreed to dispense with the initial disclosures specified in Federal Rule of Civil Procedure 26(a)(1).

(8) **Limitations on Discovery.**  The parties agree that (1) all discovery, including expert witness discovery, should conclude 150 days after the date on which the Court issues the Scheduling Order; (2) the number of depositions should be limited to 10 per party, not including expert witnesses; and (3) the number of interrogatories, including subparts should be limited to 25 per party.  The parties further agree that all initial written discovery requests be served within 35 days of the entry of the Scheduling Order.

(9) **Exchange of Expert Witness Information.**  The parties agree that the Court should not modify the requirements for exchanging expert witness reports and information under Federal Rule of Civil Procedure 26(a)(2).  The parties further agree that (1) Plaintiff should name his expert witnesses and submit expert witness reports and information under Federal Rule of Civil Procedure 26(a)(2) within 35 days after the Court issues its Scheduling Order; (2) Defendant should name its experts and submit expert witnesses reports and information under Fed.R.Civ.P. 26(a)(2) within 30 days of the latter of (a) Mr. Elam's last

      day for identifying experts and submitting expert witness reports and information under Federal Rule of Civil Procedure 26(a)(2); or (b) Defendant's receipt of Mr. Elam's expert witnesses designation and related materials under Federal Rule of Civil Procedure 26(a)(2); and (3) all expert depositions should be conducted by the close of discovery.

**(10)** **Class Action Procedures.** This is not a class action.

**(11)** **Bifurcation of Trial and/or Discovery.** The parties agree that bifurcation is not appropriate in this case.

**(12)** **Date for Pretrial Conference.** The parties request that the Court set a pretrial conference 60 days after a ruling on any dispositive motion, or 60 days after the deadline for filing dispositive motions if no such motions are filed.

**(13)** **Trial Date.** The parties request that the trial date be set at the pretrial conference.

Respectfully submitted,

/s/
JOSEPH D. GEBHARDT
(DC Bar No. 113894)
VALENCIA R. RAINEY
(Admitted in DC - Bar No. 435254)
GEBHARDT & ASSOCIATES, LLP
1101 17th Street, N.W.
Suite 807
Washington, DC 20036-4716
(202) 496-0400
(202) 495-0404
Email: jgebhardt@covad.net
       vrainey@covad.net

Attorneys for Plaintiff


ROBERT J. SPAGNOLETTI
Attorney General for the
  District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General,
  Civil Litigation Division


/s/
HOLLY M. JOHNSON [476331]
Chief, General Litigation Section III


/s/
CARL J. SCHIFFERLE [463491]
Assistant Attorney General
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6624
(202) 727-3625 (fax)
Email:  carl.schifferle@dc.gov

Attorneys for Defendant

6