UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH V. ELAM, | ) |
|       Plaintiff, | ) |
| v. | ) Civil Action No. 05-1557 (JBD) |
| BOARD OF TRUSTEES OF THE UNIVERSITY OF THE DISTRICT OF COLUMBIA<br>4200 Connecticut Avenue, N.W.<br>Washington, DC  20008 | ) |
|       Defendant. | ) |

THE BOARD OF TRUSTEES OF THE UNIVERSITY OF THE DISTRICT OF COLUMBIA'S
AMENDED ANSWER TO THE AMENDED COMPLAINT

Defendant, The Board of Trustees of the University of the District of Columbia, through undersigned counsel, responds to the Amended Complaint ("Complaint") as follows:

1. Paragraph 1 sets forth plaintiff's theory of the case and thus requires no response. To the extent that any further answer is required in response, defendant denies all allegations therein.

2. Defendant admits plaintiff has worked for defendant or predecessor since around 1971 and in the position of Associate Professor since around 1982. Defendant admits that plaintiff is an Asian Indian. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 2 of the Complaint.

3. Defendant admits the allegations contained in paragraph 3 of the Complaint.

4. Defendant denies that jurisdiction is necessarily conferred by the allegations contained in paragraph 4 of the Complaint. Defendant denies that venue is necessarily conferred by the allegations contained in paragraph 4 of the Complaint.

5. Defendant admits plaintiff has worked for defendant for about thirty-four years. Plaintiff's characterization of his work states conclusions of law or of the pleader to which no response is required. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in paragraph 6 of the Complaint.

7. Defendant admits that plaintiff had been an adjunct faculty member in the Lorton Prison College Program until around 1994, and that plaintiff taught English courses as part of the program. Plaintiff's characterization of his services states conclusions of law or of the pleader to which no response is required. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 7 of the Complaint.

8. Defendant admits plaintiff was employed as a Public Affairs Specialist for Federal City College from around 1971 until 1976, a predecessor of the defendant. The remaining allegations contained in paragraph 8 of the Complaint state conclusions of the law or of the pleader to which no response is required. To the extent that a response is required, defendant lacks sufficient knowledge or information to admit or deny the allegations therein.

9. Defendant admits plaintiff was employed as an Assistant Professor in the Department of Mass Media beginning around 1976 and was promoted to Associate Professor around 1982. Defendant also admits that plaintiff is the only Asian-Indian in the Department of Mass Media, Visual and Performing Arts. Defendant also admits plaintiff received an "excellent" evaluation by the Department Evaluation and Promotion Committee for the 2001-2002 rating period. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 9 of the Complaint.

10. Defendant admits the existence of an external program review conducted by two Howard Professors in 2001, but plaintiff's characterization of the review states conclusions of law or of the pleader to which no response is required.

11. The allegations contained in paragraph 11 of the Complaint state conclusions of the law or of the pleader to which no response is required. To the extent that a response is required, defendant lacks sufficient knowledge or information to admit or deny the allegations.

12. Defendant admits that the plaintiff is the journalism program coordinator, and that plaintiff is responsible for the annual UDC Capital Press Club workshops as part of his course-load. The remaining allegations contained in paragraph 12 of the Complaint state conclusions of the law or of the pleader to which no response is required. To the extent that a response is required, defendant lacks sufficient knowledge or information to admit or deny the allegations.

13. Defendant admits that plaintiff is the former faculty editor of the student newspaper. The remaining allegations contained in paragraph 13 of the Complaint state conclusions of the law or of the pleader to which no response is required. To the extent that a response is required, defendant lacks sufficient knowledge or information to admit or deny the allegations.

14. The allegations contained in paragraph 14 of the Complaint state conclusions of the law or of the pleader to which no response is required. To the extent that a response is required, defendant lacks sufficient knowledge or information to admit or deny the allegations.

15. The allegations contained in paragraph 15 of the Complaint state conclusions of the law or of the pleader to which no response is required. To the extent that a response is required, defendant lacks sufficient knowledge or information to admit or deny the allegations.

16. Defendant admits plaintiff received a certificate entitled Journalism Educator

Award from the Dow Jones Newspaper Fund for completion of a fellowship for special journalism studies. Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 16 of the Complaint.

17.     Defendant admits that plaintiff is a member of the Department of Mass Media, Visual, and Performing Arts Evaluation and Promotion Committee, that plaintiff is a member of the University Senate, and that plaintiff is the chair of the Student Affairs Subcommittee. Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 17 of the Complaint.

18.     Defendant admits plaintiff applied for promotion to Full Professor in the spring of 2003. Defendant also admits plaintiff included with his application a twenty-nine (29) page list of exhibits. Defendant further admits that the Department Evaluation and Promotion Committee recommended plaintiff for the promotion. Defendant further admits that Yvonne Carter, Department Chairperson, strongly recommended plaintiff for promotion. Any further characterization of the recommendations states conclusions of law or of the pleader, to which no further response is required. Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 18 of the Complaint.

19.     Defendant admits the allegations contained in paragraph 19 of the Complaint.

20.     Defendant admits that on May 13, 2004, plaintiff received a letter from Wilhelmina Reuben-Cooke, Provost and Vice President of Academic Affairs, not recommending him for the position. Defendant also admits that Dr. Rachel Petty, Dean of the College of Arts and Sciences, did not recommend plaintiff for promotion. The allegation of a violation of the Master Agreement states conclusions of the law or of the pleader to which no response is

required. Defendant lacks sufficient information to admit or deny the remaining allegations contained in paragraph 20 of the Complaint.

21. Defendant admits the existence of the letter from Ms. Reuben-Cooke dated May 13, 2004. Plaintiff's characterizations of the letter are conclusions of law or of the pleader to which no response is required.

22. Defendant admits that Shiela Harmon-Martin, Nelda Ormond, and Abiose Adebayo were recommended for promotion by Ms. Reuben-Cooke and received promotions. Defendant admits that Shiela Harmon-Martin and Nelda Ormond are African-American and that Abiose Adebayo is of African origin. Defendant admits that all three of these professors are younger, but not substantially younger, than the plaintiff. Defendant lacks sufficient knowledge or information to admit or deny remaining allegations contained in paragraph 22 of the Complaint.

23. Defendant admits the allegations contained in paragraph 23 of the Complaint.

24. The allegations contained in paragraph 24 of the Complaint state conclusions of the law or of the pleader to which no response is required. To the extent that a response is required, defendant denies the allegations therein.

25. The allegations contained in paragraph 25 of the Complaint state conclusions of the law or of the pleader to which no response is required. To the extent that a response is required, defendant denies the allegations therein.

26. Defendant admits that each full-time faculty member must have a minimum number of professorial units, and that a normal three-credit course equals 8.5 professorial units. The remaining allegations contained in paragraph 26 of the Complaint state conclusions of the

law or of the pleader to which no response is required. To the extent that a further response is required, defendant lacks sufficient information or knowledge to admit or deny the allegations.

27.     Defendant admits that plaintiff has asked Professor Charles Belanger for the key to the Departmental office. Defendant denies that all of the other professors in the Department have keys to the Departmental office. Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 27 of the Complaint.

28.     Defendant admits that the journalism lab and the plaintiff's office have been moved within the past several years. Defendant lacks sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 28 of the Complaint.

29.     Defendant admits that plaintiff's office is located in a room shared with three other faculty members. The remaining allegations contained in paragraph 29 of the Complaint state conclusions of the law or of the pleader to which no response is required. To the extent that a further response is required, defendant lacks sufficient information or knowledge to admit or deny the remaining allegations.

30.     Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 30 of the Complaint

31.     The allegations contained in paragraph 31 of the Complaint state conclusions of the law or of the pleader to which no response is required. To the extent that a response is required, defendant denies the allegations therein.

Count 1 – Race, Color and/or National Origin Discrimination

32.     Defendant incorporates by reference its responses to paragraphs 1-31 of the Complaint. The allegations in paragraph 32 of the Complaint state conclusions of the law or of

the pleader to which no response is required. To the extent that a response is required, defendant denies the allegations therein.

33. The allegations contained in paragraph 33 of the Complaint state conclusions of the law or of the pleader to which no response is required. To the extent that a response is required, defendant denies the allegations therein.

34. The allegations contained in paragraph 34 of the Complaint state conclusions of the law or of the pleader to which no response is required. To the extent that a response is required, defendant denies the allegations therein.

Count 2 – Hostile Work Environment

35. Defendant incorporates by reference its responses to paragraphs 1-34 of the Complaint. The allegations contained in paragraph 35 of the Complaint state conclusions of the law or of the pleader to which no response is required. To the extent that a response is required, defendant denies the allegations therein.

36. The allegations contained in paragraph 36 of the Complaint state conclusions of the law or of the pleader to which no response is required. To the extent that a response is required, defendant denies the allegations therein.

37. The allegations contained in paragraph 37 of the Complaint state conclusions of the law or of the pleader to which no response is required. To the extent that a response is required, defendant denies the allegations therein.

Count 3 – Age Discrimination

38.     Defendant incorporates by reference its responses to paragraphs 1-37 of the Complaint.  The allegations contained in paragraph 38 of the Complaint state conclusions of the law or of the pleader to which no response is required.  To the extent that a response is required, defendant denies the allegations therein.

39.     The allegations contained in paragraph 39 of the Complaint state conclusions of the law or of the pleader to which no response is required.  To the extent that a response is required, defendant denies the allegations therein.

Count 4 – Discrimination in Violation of the Equal Protection Clause

40.     Defendant incorporates by reference its responses to paragraphs 1-39.  The allegations contained in paragraph 40 of the Complaint state conclusions of the law or of the pleader to which no response is required.  To the extent that a response is required, defendant denies the allegations therein.

41.     The allegations contained in paragraph 41 of the Complaint state conclusions of law or of the pleader to which no response is required.

42.     The allegations contained in paragraph 42 of the Complaint state conclusions of the law or of the pleader to which no response is required.  To the extent that a response is required, defendant denies the allegations therein.

43.     The allegations contained in paragraph 43 of the Complaint state conclusions of the law or of the pleader to which no response is required.  To the extent that a response is required, defendant denies the allegations therein.

44.     Paragraph 44 of the Complaint states the plaintiff's requests for relief, to which no response is required.

45.     Paragraph 45 of the Complaint states the plaintiff's request for a jury trial, to which no response is required.

Any remaining allegations not expressly admitted are hereby denied.

### First Affirmative Defense

Plaintiff may have failed to exhaust his administrative remedies and failed to comply with other mandatory filing requirements.

### Second Affirmative Defense

Plaintiff may have failed to timely file a charge of discrimination with the EEOC and/or the Office of Human Rights.

### Third Affirmative Defense

Plaintiff may have failed to timely file the instant Complaint.

### Fourth Affirmative Defense

Plaintiff would have been subjected to the same employment actions even absent the alleged discrimination.

### Fifth Affirmative Defense

Plaintiff has failed to mitigate any damages that he may have incurred.

### Sixth Affirmative Defense

Plaintiff may have failed to timely file a grievance or otherwise failed to protect himself from the alleged conduct.

SET-OFF

The defendant claims a set-off against any amount awarded to plaintiff for the cost and value of any care, treatment or services provided to him by the District of Columbia or its agencies.

JURY TRIAL DEMAND

Defendant hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


/s/ Holly M. Johnson /s/
HOLLY M. JOHNSON [476331]
Chief, General Litigation Section III


/s/ Carl J. Schifferle /s/
CARL J. SCHIFFERLE [463491]
Assistant Attorney General
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6624
(202) 727-3625 (fax)
Email:  carl.schifferle@dc.gov