UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH V. ELAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-1557(JBD) |
| | ) |
| BOARD OF TRUSTEES OF THE | ) |
| UNIVERSITY OF THE DISTRICT OF | ) |
| COLUMBIA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

ORDER

Upon consideration of the defendant's motion for summary judgment, the memorandum of points and authorities filed in support thereof, any opposition and reply thereto, and the entire record herein it is by the Court this _____ day of _____, 2007,

ORDERED, that the defendant's motion for summary judgment is hereby GRANTED; and it is,

FURTHER ORDERED, that summary judgment is entered on behalf of defendant on all the plaintiff's claims in this matter.

Defendants are entitled to summary judgment on plaintiff's discriminatory non-promotion claims (Counts I, II and IV). First, plaintiff cannot raise a prima facie case of discrimination as to his non-promotion. Plaintiff's prima facie case fails because he cannot show that he was qualified for the promotion and that there was disparate treatment of similarly-situated applicants. Plaintiff also cannot show the decision-makers knew the age of the applicants. Even assuming a prima facie case, plaintiff cannot rebut defendant's legitimate, non-discriminatory explanation for plaintiff's non-promotion – that plaintiff's application lacked sufficient evidence of scholarship.

Defendants are entitled to summary judgment on plaintiff's hostile work environment claims (Counts II and IV).  As an initial matter, the statute of limitations bars plaintiff's hostile work environment claim because that claim encompasses an alleged period of harassment that ended in 1999, which is several years outside the limitations period.  Even assuming that the hostile work environment claim falls within the statute of limitations, plaintiff lacks evidence that the alleged harassment was based on discriminatory animus and that it was sufficiently severe and pervasive to establish an actionable claim.

_____
JOHN D. BATES
United States District Judge