# EXHIBIT 5

University of the District of Columbia

OFFICE OF UNIVERSITY COMPLIANCE

Employee EEO Pre-Complaint: Joseph Elam v. Communicative & Performing Arts

Area of Concern: National Origin

UDC Case No.: 79-11-015

## CONCILIATION AGREEMENT

It is understood that this agreement does not constitute an admission by the Respondent of any violation of Title VII of the Civil Rights Act of 1964 as amended or of the D.C. Human Rights Act of 1977. It does reflect the desire of the Respondent and the Charging Party to be cognizant of and be guided by the laws as contained in the above mentioned documents. It further represents the OUC's commitment to equity in the treatment and informal resolution of cases.

1. Complainant hereby releases and convenants not to pursue the matter alleged in this case. Complainant agrees to abide by this agreement This is subject to agreed upon performance by the Respondent of the promises and representations contained herein. In the event of disputes, the Director, OUC, shall determine whether the parties have complied with said terms.

2. Respondent agrees that there shall be no discrimination or retalia-tion of any kind against any person because of opposition to any practice declared unlawful under the D.C. Human Rights Act and Title VII of the Federal Civil Rights Act of 1964, as amended, or because of the filing of a charge; or for giving testimony or assistance or participation in any manner in any investigation, proceeding, or hearing under the aforementioned acts.

3. Respondent agrees that all hiring, promotion practices, and other terms and conditions of employment shall be maintained and conducted in a manner which does not discriminate in violation of the D.C. Human Rights Act of 1977 nor in violation of Title VII of the Federal Civil Rights Act of 1964, as amended.

4. As evidence of good faith to resolve this matter, Respondent offers and Complainant accepts the following proposal of settlement:

a. The Complainant be ruled eligible for promotion for the
   year 1979.

CONCURRENCES:

_____                    _____
Department Chairman                                 Date

_____                    _____
Dean, College of Liberal & Fine Arts                Date

_____                    _____
Respondent, Executive Vice President &              Date
   Acting Vice President, Academic Affairs

_____                    _____
Director, Office of University                      Date
   Compliance

_____                    March 18, 1982
Charging Party                                      Date

**University of the**
**District of Columbia**

VAN NESS CAMPUS
4200 CONNECTICUT AVENUE, N.W.
WASHINGTON, D.C. 20008

Affirmative Action Office
Division of Personnel Management and Services

### AFFIRMATIVE ACTION OFFICER'S COMMENT ON FINAL PRE-COMPLAINT REPORT

NAME:    Joseph Elam  vs Communicative and Performing Arts

CASE NO:  79-11-015

AREA OF CONCERN:  National Orgin

Mr. Elam, an East Indian male has alleged descrimination due to his National Orgin.  Mr. Elam was denied a promotion in the Department of Communicative and Performing Arts.

A review of the EEO Counselor's accumulated facts and analysis yield the following questions, implications, recommendations and comments.  The most difficult area of this case was the inability of persons contacted, regarding the case to give documented evidences.  There is no written documentation:

. that uniform criteria was used in the promotion interview process.
. that the "new" requirement of a terminal degree was accepted or authorized and by whom and on what date?
. that sufficient notice was given to each Faculty member to implement the "new" rule within due process.

Questions remain unanswered concerning

1. What is the amount of professional equivalence of outside work needed to substitute for a terminal degree?
2. Where is Ms. Gray's Faculty activity sheet?
3. Where are the minutes of the meeting at which the decision to change the requirements?

The implications here are:

. That some degree of non-conformance to following due process and established procedures is present.
. Evidence points toward some possible discrimination should this investigation continue.
. There are too many unanswered questions (as above) and what appears to be administrative unreadiness to decisively speak to this case.

-2-

ELAM, JOSEPH , CAES NO: 79-11-015

In view of the collected evidence, it is suggested that the recommendations of the EEO Counselors be followed:

. the department produce and define its policy for terminal degree.
. that all necessary documents be produced for analysis.
. that Mr. Elam be re-evalusted by the Promotion Committee or the Department Chairperson.

Mr. Elam must be assured in writing that such action will take place in a timely manner (to be agreed upon by parties involved).  Should he not be satisfied with such actions and decisions, he has a right to complain to the D.C. Office of Human Rights within fifteen (15) working days, after receiving this document.

Should there be any questions or need for further assistance, please contact my office at 282-7490.

Attachment:

cc:  Joseph Elam
     Frank Storaba