UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH V. ELAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No. 05-1557 (JDB) |
| | ) |
| BOARD OF TRUSTEES OF | ) |
| THE UNIVERSITY | ) |
| OF THE DISTRICT OF COLUMBIA, | ) |
| | ) |
| Defendant. | ) |

**ERRATA TO PLAINTIFF'S MEMORANDUM IN
OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Below are Errata for both Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment and the accompanying statement of Disputed Facts.  For the convenience of the Court and Defendant's counsel, Plaintiff is attaching herewith new, revised versions of these two pleadings containing the Errata.  The revised versions also correct  some formatting errors, misplaced or omitted commas, and misplaced or omitted periods that are not included in the Errata.

A. **Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment**, filed August 20, 2007 - Errata.

1.  The correct spelling of the UDC Provost's name is Wilhelmina Reuben-Cooke; and she is referred to as "Mrs.", her preferred designation.  (She does not have the Ph.D degree.)  These corrections should be made on page 2, line 12; page 11, line 19; and page 12, line 3.

2. On page 2, line 21, change the phrase 'an index, and five folders' to 'a 29-page list of research, published papers and articles, service awards received, and outstanding evaluations, along with five folders'. [This latter clause is used on pages 14-15.]

3. Plaintiff's first article listed on page 3 and numbered 1. should for the sake of accuracy read:

> 1. *Endless Ellington Era*, DAWN Magazine, 1974. This researched article traces the evolution of Jazz through the life and career of Duke Ellington. (After the selection process at issue here, this article was republished in The King Maker Magazine in 2005 as a Black Legacy (historic) researched article.)

4. The second article listed on page 3 and numbered 2. was published after the 2002 application period, and this article is deleted as irrelevant.

5. The third article listed on page 3 and numbered 3. should for the sake of accuracy read:

> 2. *Board of Trade Predicts the Future of the National Capital Area*, The American magazine, March 1986. This is an in-depth researched article on the Home Rule Movement in the District of Columbia.

6. The fourth article listed on page 3 and numbered 4. should for the sake of accuracy read:

> 3. *Washington of the Late 60's and Early 70's*, The WASHINGTON Informer, October 20, 1988. This is a researched, published magazine feature article on the turbulent sixties and its undercurrents of protest movements.

7.  The stray phrase, on page 3, line 21, '*Idyllic paradise in a Social Contract.*', should be deleted.

8.  The fifth article beginning at the bottom of page 3 and numbered 5. should correctly read:

    > 4. *Interview with Councilwoman Polly Shackleton*, The American magazine, June 1986. This is a researched interview with the Councilwoman who predicts the future of self-government and Home Rule issues in Washington, D.C.

9.  The first article listed on page 4 and numbered 6. should for the sake of accuracy and completeness read:

    > 5. *NEA's Futrell Trumpets Triumph for Teachers, Children and Schools*, METRO Magazine, November 1983. This is a researched interview with Mary Futrell, the first Black President of the National Education Association, on the state of American public education, with a historical perspective.

10. The second article listed on page 4 and numbered 7. should for the sake of accuracy and completeness read:

    > 6. *Nation at Risk: The Imperative for Education Reform*, The American magazine, November 1983. This was a comprehensive research analysis of the Reagan Administration's Education Report: A Nation At Risk, and highlights a Black perspective on public education.

11. On page 5, line 11, capitalize 'dep.' to read 'Dep.' The same correction should be made throughout - page 8, line 24; page 21, line 11; and page 27, line 13.

12. On page 5, lines 16-17, correct the term 'core courses at Journalism' to 'core journalism courses'.

13. On page 6, lines 2-3, underline 'pro bono' to read '<u>pro bono</u>'.

14. On page 6, line 3, underline 'Id.' to read '<u>Id.</u>'  The same correction should be made on page 22, line 8.

15. On page 6, line 21, correct 'long' to 'long-running'.

16. On page 6, line 23, correct the word 'and' to 'to'.

17. On page 7, line 2, change 'Dep. At' to 'Dep. at'.  The same correction should be made on page 8, line 24.

18. On page 7, line 8, correct 'Exh. 18' to 'Exh. 19.'

19. On page 7, line 19, add citation '<u>See</u> Exh. 7-A, Elam Dep. at 127-139 and 106-112.' [Page 106 is already in Exh.7 on file.]

20. On page 8, line 18, add citation '<u>See</u> Exh. 10, Harmon-Martin Dep. at 56, 58.'

21. On page 9, line 11, add citation '<u>See</u> Exh. 8, Ormond Dep. at 71-72.'

22. On page 10, line 2, correct 'three' to 'four'.

23. On page 10, lines 3-5, the clause '(1) teaching or teaching related, (2) scholarship and professional development, and (3) service to the University and community' should be more accurately stated as follows: '(1) teaching and job related responsibilities, (2) scholarship and professional growth, (3) University service, and (4) public service.  <u>See</u> Fourth Master Agreement at 24 - Exh. 14.'

24. On page 10, line 9, add citation '<u>See</u> Exh. 14.'

25. On page 10, line 15, under the heading **Department Evaluation and Promotion Committee (DPEC)**: correct lines 16-18 to read:

    Associate Professor Harmon-Martin: Strongly Recommended.

    Associate Professor Elam:  Strongly Recommended.

    Associate Professor Nelda Ormond:  Recommended.

26. On page 11, line 3, add citation '<u>See</u> Exh. 7, Elam Dep. at 323.'

27. On page 11, line 5, correct the word 'their' to 'its'.

28. On page 11, line 7, hyphenate the name 'Harmon Martin' to read 'Harmon-Martin'.

29. On page 11, line 17, add citation '<u>See</u> Exh. 7, Elam Dep. at 323.'

30. On page 12, line 3, add citation '<u>See</u> Exh. 16.'

31. On page 12, line 14, correct 'Exh. 15' to 'Exh. 13'.

32. Underline the word '<u>prima facie</u>' and 'prima facie' to read '<u>prima facie</u>' throughout – page 12, line 19; page 13, lines 1, 8; page 18, lines 4, 8; page 19, line 7; page 20, lines 17, 22; page 23, line 22; page 24, lines 11, 21; and page 36, line 5.

33. On page 12, footnote 3, correct 'July, 2007' to 'July 29, 2007'.

34. On page 13, line 10, correct '<u>Lanthram</u>' to '<u>Lathram</u>'.

35. On page 13, line 14, use the full <u>Carter v. George Washington</u>

5

<u>Univ.</u> citation: '180 F.Supp.2d 97, 104 (D.D.C. 2001)'.

36. On page 13, line 16, replace '<u>See</u> <u>Carter</u>, 180 F. Supp. 2d at 104.' with '<u>See id.</u>'

37. On page 13, lines 18-19, correct '<u>Mitchell v. Baldridge</u>' to '<u>Mitchell v. Baldrige</u>'.

38. On page 14, line 11, insert the citation ',Exh. 14,' after the term, 'The Fourth Master Agreement'.

39. On page 14, lines 15-18, the language, 'three categories: (1) teaching, (2) scholarship and professional development, and (3) service to the University and its Communities.  With respect to number (2), scholarship and professional development,' should be more accurately stated as follows: 'four categories: (1) teaching and job related responsibilities, (2) scholarship and professional growth, (3) University service, and (4) public service. <u>See</u> Exh. 14.  With respect to number (2), scholarship and professional growth,'.

40. On page 14, lines 20-21, use the correct names of the magazines: '<u>The American</u> magazine'; '<u>METRO Magazine</u>'; and '<u>DAWN Magazine</u>'.

41. On page 15, line 2, add citation '<u>See</u> Exh. 2.'

42. On page 15, line 9, add citation '<u>See</u> Exh. 7-A, Elam Dep. at 317.'

43. On page 15, line 13, capitalize the word 'Herculean'.

44. On page 15, line 14, add citation 'See Exh. 7-A, Elam Dep. at 390-391.'

45. On page 15, line 17, for the sake of accuracy, insert the word 'strongly' between 'Department Chair' and 'recommended'.

46. On page 16, lines 7-8, for the sake of ensuring relevance and avoiding repetition, delete 'which were reprinted in 2005 in the KING Maker Magazine as a Legacy Article,'.

47. On page 16, lines 7-10, use the correct names of the magazines: 'DAWN Magazine'; 'The American magazine'; 'METRO Magazine'; 'The Washington New Observer'; and 'The WASHINGTON Informer'.

48. On page 17, line 7, correct the word 'Judgement' to 'Judgment'. The same correction should be made on page 22, line 19.

49. On page 17, lines 10, 13, 14, change the word 'development' to 'growth'. The same correction should be made on page 18, line 3.

50. On page 17, lines 21 and 22, change '(CPEC)' to '(CPC)'.

51. On page 18, line 9, change 'courts assume' to 'courts will often assume'.

52. On page 18, line 10, insert before Jones the following citation: 'See Mastro v. Pepco, 398 F.Supp.2d 67, 75 (D.D.C. 2005) (reversed on other grounds, Mastro v. Pepco, 447 F.3d

7

843 (D.C. Cir. 2006)).'  The same citation should be inserted in page 20, line 19.

53. On page 18, line 14, change the word 'give' to 'gives'.

54. On page 19, line 2, correct the case name <u>George v. Levitt</u> to '<u>George v. Leavitt</u>'.

55. On page 19, line 3, correct '2006' to '2005'.

56. On page 19, line 21, use correct case name: '<u>George v. Leavitt</u>'.

57. On page 21, line 1, correct the word '**REASON**' to '**REASONS**'

58. On page 21, line 6, insert 'Mrs. Rueben-Cooke,' between 'to' and 'the Provost'.

59. On page 21, line 7, correct 'Exh. 13, 14.' to 'Exh. 15, 16.'

60. On page 21, line 8, correct 'Exh. 15.' to 'Exh. 17.'

61. On page 21, line 11, correct the word 'Journalist' to 'Journalists'.

62. On page 24, line 5, correct the phrase 'Plaintiff's Statement of Material Facts' to 'Plaintiff's accompanying statement of Disputed Facts'.

63. On page 24, line 9, correct the "the Honorable Paul Friedman" to "the D.C. Circuit".

64. On page 24, line 9 , correct the <u>Cones</u> citation to '<u>Cones v. Shalala</u>, 199 F.3d 512, 518 (D.C. Cir. 2000),'.

65. On page 24, line 13, correct the '<u>Barbour</u>' citation to

'<u>Barbour v. Merrill</u>, 48 F.3d 1270, 1276 (D.C. Cir. 1995)'.

66. On page 25, line 6, hyphenate 'non applicant' to read 'non-applicant'.

67. On page 25, line 10, correct the <u>Carter</u> citation to '<u>Carter v. George Washington Univ.</u>, 180 F.Supp.2d at 103'.

68. On page 26, line 2, add citation '<u>See</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 (1986).'

69. On page 26, line 5, add citation: '<u>Id.</u> at 255.'

70. On page 26, line 8, correct the <u>Addaxes</u> citation to '<u>Adickes v. S. H. Kress & CO.</u>, 398 U.S. 144, 158-59 (1970)'.

71. On page 26, line 9, correct the <u>Kaempe</u> citation to '<u>Kaempe v. Myers</u>, 367 F.3d 958, 965 (D.C. Cir. 2004)'.

72. On page 27, line 11, correct 'Exh. 12.' to 'Exh. 14.'

73. On page 27, line 13, correct 'Exh. 6.' to 'Exh. 8'.

74. On page 28, line 5, insert 'formal' between 'after' and 'ranking'.

75. On page 28, line 5, correct 'College Evaluation Committee' to 'College Promotion and Evaluation Committee'.

76. On page 28, line 9, correct '**also be**' to '**Also Be**'.

77. On page 28, lines 17-18, correct the <u>Harris</u> citation to '<u>Harris v. Forklift Systems</u>, 510 U.S. 17, 20 (1993);'.

78. On page 30, line 9, correct 'Dep. pp.' to 'Dep. at'. The same correction should be made at page 32, line 13; page 34, line

9

3; and page 35, line 2.

79. On page 30, line 12, correct the time period from '**Ten Years**' to '**Eleven Years**'.

80. On page 30, lines 13-20 should for the sake of accuracy read:

> Associate Professor Elam was denied the key to his Departmental Offices from 1994 to 2005. He continuously asked for the key, and he asked Acting Department Chairman Charles Belanger three times for the key, as recently as Thursday, May 5, 2005. Associate Professor Elam was not provided a key until after this case was filed in May 2005, before which for 11 years he was unable to access his mailbox, the duplicating machine, and computers for student advising during off-hours. See Compl. ¶ 27.

81. On page 30, lines 22-23, for the sake of clarity change '5:00 p.m. that he, therefore,' to '5:00 p.m.; thus, he'.

82. On page 31, line 7, change 'Elam Dep. at 188' to 'Id. At 188'.

83. On page 31, line 20, change 'Program' to 'program'. The same correction should be made on page 34, line 13.

84. On page 33, lines 11 and 14, change 'Dep. p.' to 'Dep. at'.

85. On page 32, lines 22-23, correct the heading to read:

> '**4. The University Discriminatorily Placed Associate Professor Elam in a Small and Irregularly-Shaped Office.**'

And re-number the next headings: **5.** and **6.**

86. On page 36, lines 3-5, correct the first clause in the second sentence on the page to read:

> 'Because Defendant UDC's stated reasons for not promoting Associate Professor Elam mirror its reasons for the non-

10

    promotion,'.

87. On page 36, lines 13-15, the 'LAW STUDENT ASSISTANTS' as named should follow 'Respectfully submitted,' and the attorneys' names and contact details on page 37.

B. **Plaintiff's Disputed Facts**, filed August 20, 2007 – Errata.

88. On page 1, Plaintiff's number 2 should read for the sake of clarity:  'Disputed in part.  The University promoted Plaintiff, but only after he filed an EEO Complaint of discrimination.  The University finally promoted him after an investigation in 1982. The retroactive promotion was effective as of  1980, with back-pay and benefits. Exh. 5.'

89. On page 2, line 6, between 'completed' and 'first', insert 'the'.

90. On page 2, line 7, after 'India.' change 'Also' to 'He also'.

91. On page 2, lines 9-18, Plaintiff's number 4 should be deleted and for the sake of clarity read:  'Disputed.  Plaintiff entered a Ph.D program in Journalism at Howard University in 1972.  He earned 15 hours of work, with high grades.  Howard University did not offer a Ph.D in Journalism at that time. UDC recognized Plaintiff's graduate credits as continuing education and professional development. For promotion to Full Professor, the terminal (required) degree for UDC's Department of Mass Media, Visual, and Performing Arts is a Master's

Degree. Exh. 1.'

92. On page 3, line 3, change the word 'manifold' to 'substantially'.

93. On page 3, line 11, delete 'Exh. 4'.

94. On page 3, line 16, after 'Disputed', Plaintiff's number 16 should read: 'During the 2002-2003 promotion cycle, the College Evaluation and Promotion Committee (CPC) reviewed eight applications, including a person who did not apply. Exh. 8, 14.'

95. On page 4, lines 15-28, Plaintiff's number 23 should read: 'Disputed. Plaintiff kept abreast of the legal and ethical issues. Exh. 1.'

96. On page 5, lines 11-13, delete 'Professor Elam had recommended the upgrading of the Journalism program since 1990 which fell on deaf ears. Exh. 7, 24-37', to read: 'Professor Elam recommended upgrading the Journalism program. Exh. 7, 24-37.'

97. On page 5, line 14, between 'Elam' and 'pleaded', delete 'had'.

98. On page 5, line 16, after 'program', delete 'which was ignored by the Chair and the Dean.'

99. On page 5, lines 20-22, after 'curriculum', delete 'not the other way. The Plaintiff concurred with the upgrading of the curriculum which he has been fighting for since 1990.'

100. On page 6, line 3, after 'curriculum', delete 'which he recommended as early as 1994 when Professor Yvonne Carter became the Chairman of the Department.'

101. On page 6, line 8, after 'Chair', change 'But it was ignored' to ',but it was ignored'.

102. On page 6, lines 10-12, Plaintiff's number 29 should be changed from 'Disputed.  Plaintiff was already briefed by the Chair that the proposed new courses are subject to constraints of the budgetary limitations. Exh. 19.', to read: 'Disputed.  The Chair informed Plaintiff that the proposed new courses were subject to budgetary limitations. Exh. 19.'

103. On page 6, lines 13-19, change Disputed to 'Undisputed.'

104. On page 6, lines 21-23, Plaintiff's number 32 should be changed to read: 'Disputed.  Associate Professor Elam proposed updated courses to the curriculum. Exh. 19.'

105. On page 7, line 5, change 'did submit' to 'submitted'.

106. On page 7, line 7, change 'Disputed' to 'Undisputed'.

107. On page 7, lines 8-10, change 'did submit' to 'submitted' and after 'course', delete 'prepared by adjunct faculty Prof. Harvey Johnson.'

108. On page 7, lines 11-23, for ease of reference change Plaintiff's number 36 to read: 'Disputed.  Plaintiff did not get approval Exh. 19.'

109. On page 8, lines 1-8, change Plaintiff's number 37 to read: 'Disputed.  Plaintiff did not get approval. <u>Id.</u>'

110. On page 8, lines 9-15, change Plaintiff's number 38 to read: 'Disputed.  Associate Professor Elam submitted proposals to upgrade the curriculum. Exh. 19.'

111. On page 8, lines 16-20, change Plaintiff's number 39 to read: 'Disputed.  Associate Professor Elam submitted documented scholarship in the form of published articles and professional development.'

112. On page 8, lines 21-23, change Plaintiff's number 40 to read: 'Disputed.  Associate Professor Elam submitted evidence of formal research in his discipline. Exh. 1,2,3.'

113. On page 9, lines 10-23, change Plaintiff's number 41 to read: 'Disputed.  Associate Professor Elam has received numerous awards for his journalistic and public relations writings from many organizations in his field. Exh. 1, 2, 3.'

114. On page 10, lines 7-8, change Plaintiff's number 46 and replace with 'Provost Reuben-Cooke rubber-stamped Dean Petty's recommendation. <u>Id</u>.'

115. On page 10, line 11, after 'years', delete:  'He presented at the university for several years.  Further his journalism classes begin with discussions on the issues in journalism and coverage anomalies of the current Press. Exh. 1,2,3.'

116. On page 10, lines 15-18, change Plaintiff's number 48 and replace with 'Disputed. Associate Professor Elam asked former President Pollard to review his application and portfolio and compare them to the promoted candidates' application materials. Exh. 17.'

117. On page 10, line 21, change Plaintiff's number 51 to read: 'Disputed. Pollard did not review the submissions. Exh. 13.'

118. On page 11, line 4, after 'Disputed', remove 'Exh. 13 and change to '<u>Id</u>.'

119. On page 11, line 6, after 'Disputed', add 'Selectee Ormond was not an applicant.' Exh. 8.

120. On page 11, line 7, change Disputed to 'Undisputed'.

121. On page 11, line 18, change Disputed to 'Undisputed'.

122. On page 11, line 20, after 'Disputed', add 'Exh. 6'.

123. Minor edits were also made for the sake of consistency.

                                          Respectfully submitted,

                                          ____/s/____
                                          VALENCIA R. RAINEY
                                          (D.C. Bar No. 435254)
                                          JOSEPH D. GEBHARDT
                                          (D.C. Bar No. 113894)
                                          GEBHARDT & ASSOCIATES, LLP
                                          1101 17th Street, N.W.
                                          Suite 807
                                          Washington, DC 20036-4716
                                          (202) 496-0400

August 28, 2007                        Attorneys for Plaintiff

LAW STUDENT ASSISTANT:
Sarah Nasrullah (Lahore University, Pakistan)